OPINION OF THE COURT
Burton S. Sherman, J.
Plaintiffs Burberrys (Wholesale) Limited and Burberrys Limited seek an injunction pendente lite to enjoin the defendants After Six Incorporated and Abraham Zion Corporation from manufacturing and selling some 8,000 raincoats.
Without alluding to the various contractual relationships between the plaintiffs and defendants and defendants’ predecessors and assignors, the fact remains that the plaintiff and Abraham Zion Corporation had an agreement whereby the defendant was to manufacture 30,000 “Burberry” raincoats for the plaintiffs. Burberry’s raincoats are of unique style and design and their trade-marks are registered in the United States. Plaintiff supplied or caused to be supplied to defendant Zion or its assignor its *562 distinctive material, all patterns, styles, data, labels, tags and documents necessary for the making of the raincoats. Pursuant to cutting instructions, 22,000 raincoats were manufactured by defendant Zion which were then invoiced and shipped to retailers of Burberry. Payment was then to be made by Burberry directly to Zion. A dispute arose between the parties and no further cutting orders were given. On this motion plaintiffs allege that Zion has manufactured or intends to manufacture the remaining Burberry raincoats and sell them to retailers. It alleged that Zion has already attempted to sell the coats in question or threatens to do so. Defendant Zion does not deny this. Plaintiffs have advised defendant Zion that it is not to manufacture or sell the remaining raincoats and has canceled any license to do so, if one exists.
It has been held that the continued use of a trade-mark by the license after its expiration constitutes an infringement (Burger King Corp. v Mason, 710 F2d 1480; United States Jaycees v Philadelphia Jaycees, 639 F2d 134; Professional Golfers Assn. v Bankers Life & Cas. Co., 514 F2d 665).
In trade-mark infringement cases the likelihood of confusion is inherent in the infringement itself because the consumer would be misled into believing that the trademark owner either manufactured or authorized the use of the product (Bowmar Instrument Corp. v Continental Microsystems, 497 F Supp 947, 957). Thus, it is no excuse that the item is manufactured with the same quality as the trade-mark product for “plaintiff is still entitled to have its reputation within its control”. (Jordan K. Rand, Ltd. v Lazoff Bros., 537 F Supp 587, 597.) The likelihood of confusion, in and of itself, constitutes irreparable harm sufficient to the granting of a temporary injunction. (Jordan K. Rand, Ltd. v Lazoff Bros., 537 F Supp 587, 597, supra.) The plaintiff has presented uncontroverted facts of an attempted trade-mark infringement and irreparable injury. This is sufficient for the granting of injunctive relief.
The defendant Zion’s reliance upon section 2-706 of the Uniform Commercial Code is misplaced. For the Uniform Commercial Code does not preclude the court from exercising equitable powers.
*563 Section 2-703 of the Uniform Commercial Code provides that
“[w]here the buyer wrongfully rejects or revokes acceptance of goods * * * the aggrieved seller may
“(d) resell and recover damage as hereafter provided (Section 2-706)”.
Section 2-706 states “[w]here the resale is made in good faith and in a commercially reasonable manner the seller may recover the difference between the resale price and the contract price”. While the court has found no case directly in point, under the circumstances in this case, a sale by the defendant could not be considered to be made in good faith and to be commercially reasonable. Section 2-706 does not purport to grant a trade-mark license and a sale under the sanction of that section would be doing exactly that. This is particularly true where the defendant shows no prejudice. The plaintiff is solvent and can respond in money damages to any claim made by defendant in a future litigation. Moreover, as the claim is a trade-mark infringement the defendant cannot be penalized for failure to mitigate its claim. It may resort to its other remedies under the Uniform Commercial Code if it is so advised.* There is, therefore, no question of balancing equities between the parties for the granting of injunctive relief.
Finally, the defendant relies upon an alleged contract or assignment of a contract for its license to sell the raincoats. This may present issues of fact which must await a trial. However, in the interim, plaintiff will suffer irreparable harm if the raincoats are sold. The motion is granted against the defendant Abraham Zion Corporation.
The plaintiff has shown no basis for granting injunctive relief as to After Six Incorporated. That part of the motion is denied.

 The court does not reach the question of a situation where the buyer is insolvent.